J-S34011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KARL FRANZ SCHUBERT | |
| Appellant | No. 1643 MDA 2015 |

Appeal from the PCRA Order September 11, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002779-2012

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 30, 2016**

Appellant, Karl Franz Schubert, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). Schubert argues that the PCRA court erred in finding that his trial counsel had a reasonable strategy for not interviewing or presenting the testimony of a known fact witness, and further erred in concluding that he did not suffer any prejudice from these failures. After careful review, we affirm.

After a three-day trial, a jury convicted Schubert of various crimes arising from allegations that he had raped and molested E.L., who was approximately 8 to 11 years old at the time of the crimes. E.L. did not come forward with these allegations until she was approximately 16 years old. At trial, E.L. testified to repeated molestation at the hands of Schubert, as well as death threats to keep her silent regarding the abuse.

E.L.'s older brother, E.G., testified that he and Schubert were friends during the relevant time period, and that they would "hang out" at his family's pool. E.G. stated that he had once observed Schubert molesting E.L. E.G. further testified that Schubert threated to kill him if he told anyone about the incident.

The primary focus of this appeal is a witness who did not testify at Schubert's trial. S.K. was E.L.'s babysitter around the time of the crimes. At the PCRA hearing, S.K. testified that she was at E.L.'s residence six to seven days a week during the relevant time period. S.K. observed that Schubert was often at E.L.'s residence, but that she never saw him molest or abuse E.L.

At trial, E.L. testified that she had notified S.K. of Schubert's actions while the molestation was ongoing. In contrast, S.K. testified at the PCRA hearing that E.L. had confided in her that E.G. had molested her. S.K. testified that E.L. never told her that Schubert had molested her. Furthermore, S.K. testified that she had reported E.L.'s allegations against E.G. to their mother.

Schubert's trial counsel testified at the PCRA hearing that he performed no investigation prior to trial. He further testified that he did not hire an investigator. According to S.K., no agent from either the Commonwealth or the defense ever questioned her prior to the trial. Schubert's trial counsel admitted that he was aware of S.K., but could not

identify why he had not investigated or questioned her regarding her observations. At the PCRA hearing, S.K. testified that while she did not wish to be involved in the case, if asked, she would have testified to the allegations made by E.L. against E.G.

After the hearing, the PCRA court dismissed Schubert's PCRA petition. This timely appeal followed.

On appeal, Schubert claims that the PCRA court erred in finding that trial counsel was not ineffective. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). It is well settled that

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citation omitted). A failure to satisfy any prong of the test will require rejection of the claim. *See* *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted). "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010) (citation omitted). "[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" *Commonwealth v. Gribble*, 863 A.2d 455, 472 (Pa. 2004) (citation omitted).

Schubert's first two arguments on appeal focus on trial counsel's failure to procure the testimony of S.K. at trial. First, Schubert contends that

trial counsel's failure to perform any investigation at all constituted ineffective assistance of counsel. While arguably broader than the mere failure to procure S.K.'s testimony, Schubert's prejudice argument focuses heavily on the effects S.K.'s testimony would have had at trial.

The PCRA court found that the failure to investigate claim had arguable merit. **See** PCRA court opinion, 9/11/15, at 16. However, the PCRA court found that trial counsel had pursued a reasonable strategy in failing to interview S.K., and that Schubert had failed to establish prejudice. **See id**. While we conclude that the PCRA court erred in its conclusion of a reasonable trial strategy, we cannot similarly conclude that it erred in holding that Schubert had failed to establish prejudice.

The PCRA court found that trial counsel had pursued a reasonable trial strategy in deciding to forgo any investigation into the witnesses in general and S.K. in particular. The PCRA court first found that "[t]his was not a situation where trial counsel completely failed to investigate or prepare a defense." **Id**. Presumably, the PCRA court was focusing on the last half of the conjunctive clause, as it is clear that defense counsel did prepare a defense highlighting the weakness of the Commonwealth's investigation. **See** N.T., PCRA Hearing, 2/13/15, at 69. However, trial counsel just as clearly admitted to having performed no investigation whatsoever. **See id**., at 60. Furthermore, he testified that he had no recollection of having a specific reason for not performing an investigation. **See id**., at 66.

This Court has held that it is "untenable to conceive a reasonable justification for appearing in a first-degree murder case without thorough preparation, including interviewing a known potential alibi witness." **Commonwealth v. Stewart**, 84 A.3d 701, 712 (Pa. Super. 2013). The **Stewart** Court explicitly disclaimed any intent to restrict its analysis based upon the severity of the charges faced by the defendant. **See id**. Nor do we think that a potential eyewitness, such as S.K., is worthy of lesser investigation than an alibi witness. "[H]owever hostile these [eye]witnesses may have appeared to be, there is no basis for the decision neither to interview them nor attempt to do so." **Commonwealth v. Mabie**, 359 A.2d 369, 374 (Pa. 1976). **See also Commonwealth v. Dennis**, 950 A.2d 945, 960 (Pa. 2008) ("**Mabie** arguably stand[s] for the proposition that, at least where there is a limited amount of evidence of guilt, it is *per se unreasonable* not to attempt to investigate and interview known eyewitnesses in connection with defenses that hinge upon the credibility of other witnesses.").

Here, trial counsel indisputably pursued a defense challenging the credibility of E.L. and the police investigator. Furthermore, it is undisputed that there was no forensic evidence linking Schubert to the crimes. As noted, trial counsel admitted to having no specific reason for failing to investigate and interview S.K. prior to trial. Under these circumstances, we conclude that the PCRA court erred in finding that trial counsel was pursuing a

reasonable trial strategy in not interviewing S.K. However, this does not change the fact that Schubert was required to establish prejudice. *See Stewart*, 84 A.3d at 712.

The PCRA court found that Schubert did not establish prejudice. Specifically, the PCRA court found that there was no reasonable probability that S.K.'s testimony would have changed the outcome of the trial. While the PCRA court's critique of S.K.'s credibility due to her failure to come forward with this information is incongruous with its defense of E.L.'s credibility under similar circumstances, we can find no fault with the PCRA court's analysis of the weight of E.L.'s testimony.

> At trial, E.L. testified at length about specific instances of abuse that she suffered at the hands of [Schubert] 7 to 10 years ago. [E.L.] was subjected to 37 pages of intense cross-examination. After careful deliberation the jury chose to believe [E.L.] While [Schubert] tried to refute her testimony, there was simply no motive put forward by [Schubert] as to why E.L. would make up these allegations of abuse and subject herself to testifying at trial, years after the fact. [S.K.'s] testimony, even if presented to the jury, would not have changed this fact.

PCRA Court Opinion, 9/11/15, at 18. It is for the PCRA court to render an assessment of the credibility of prejudice evidence under the *Strickland* test. *See Commonwealth v. Stewart*, 84 A.3d 712, n.4. Pursuant to our standard of review, we cannot find an abuse of the PCRA court's discretion in making this factual finding, and therefore Schubert's first claim fails.

As noted above, Schubert's second claim is closely related to his first claim. Here, Schubert argues that trial counsel was ineffective for failing to

call S.K. at trial. While this claim is legally distinct from the failure to investigate claim, *see Dennis*, 950 A.2d at 960, it still requires a finding of prejudice. As we have found that the PCRA court did not abuse its discretion in finding that there was no reasonable probability that S.K.'s testimony would have caused a different outcome, we conclude that Schubert's second argument on appeal merits no relief.

In his third and final argument, Schubert contends that trial counsel was ineffective in failing to present certain evidence to impeach E.L.'s testimony at trial. To understand Schubert's argument, it is important to note that at trial E.L. testified to molestations occurring in Schubert's red truck that had a foam ceiling. *See* N.T., Trial, 9/11-13/13, at 28-29. When asked when the abuse started, E.L. stated that she was "about eight or nine. It was third grade. It may have happened sooner, but I'm not sure." *Id.*, at 20.

Schubert had various pieces of evidence that demonstrated his red truck had been totaled approximately 6 months before E.L. began third grade, and that during the timeline established by the Commonwealth, he was driving a gray truck that did not have a foam ceiling. The PCRA court found that even if this evidence had been presented, it would not have presented a serious indictment of E.L.'s testimony, as she admitted she was unsure of the exact dates and that it might have been earlier. We can find no fault in the PCRA court's reasoning.

Schubert argues that the PCRA court failed to consider the cumulative effect of the prejudice from this error in determining that there was no reasonable probability of a different outcome. We disagree. The PCRA court found that it was not convinced that any of the issues raised by Schubert would have made the jury disbelieve E.L.'s detailed testimony of traumatic events from her distant childhood. Furthermore, it is important to recognize that the PCRA court did not find that the evidence regarding Schubert's truck to be in direct conflict with E.L.'s testimony. Thus, there was no prejudice to cumulate from its absence. Schubert's third and final issue on appeal therefore merits no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016